# Group Exhibit A

FILED DATE: 12/21/2018 12:46 PM 2018L012711

FILED
12/21/2018 12:46 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L012711

2120 - Served                    2121 - Served
2220 - Not Served                2221 - Not Served
2320 - Served By Mail            2321 - Served By Mail
2420 - Served By Publication     2421 - Served By Publication
Summons - Alias Summons                              (08/01/18) CCG 0001 A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EDWIN J. KORCZYNSKI

                        (Name all parties)      Case No. 2018 L 012711
                    v.                          Serve defendant at:

CHICAGO PARK DISTRICT                                   541 N. Fairbanks
                                                       Chicago, IL 60611
                        SUMMONS  ✓ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of
which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty
(30) days after service of this Summons**, not counting the day of service. To file your answer or
appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate
this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to
the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief
requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service,
with endorsement of service and fees, if any, immediately after service. If service cannot be made,
this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30)
days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 5

DIE DATE
01/18/2019

DOC.TYPE: LAW
CASE NUMBER: 2018L012711
DEFENDANT
CHICAGO PARK DISTRICT
541 N FAIRBANKS
CHICAGO, IL 60611

SERVICE INF

ATTACHED

FILED DATE: 12/21/2018 12:46 PM 2018L012711

Summons - Alias Summons                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or your local circuit clerk's office.

Atty. No.: 45783

Atty Name: FRANK AVILA LAW

Atty. for: PLAINTIFF

Address: 7132 N. HARLEM, #107

City: CHICAGO

State: IL   Zip: 60631

Telephone:

Primary Email: FRANKAVILALAW@GMAIL

Witness: _____

12/21/2018 12:46 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 12/21/2018 12:46 PM   2018L012711

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

*   Richard J Daley Center
    50 W Washington
    Chicago, IL 60602

    District 2 - Skokie
    5600 Old Orchard Rd
    Skokie, IL 60077

    District 3 - Rolling Meadows
    2121 Euclid
    Rolling Meadows, IL 60008

    District 4 - Maywood
    1500 Maybrook Ave
    Maywood, IL 60153

    District 5 - Bridgeview
    10220 S 76th Ave
    Bridgeview, IL 60455

    District 6 - Markham
    16501 S Kedzie Pkwy
    Markham, IL 60428

    Domestic Violence Court
    555 W Harrison
    Chicago, IL 60607

    Juvenile Center Building
    2245 W Ogden Ave, Rm 13
    Chicago, IL 60602

    Criminal Court Building
    2650 S California Ave, Rm 526
    Chicago, IL 60608

## Daley Center Divisions/Departments

    Civil Division
    Richard J Daley Center
    50 W Washington, Rm 601
    Chicago, IL 60602
    Hours: 8:30 am - 4:30 pm

    Chancery Division
    Richard J Daley Center
    50 W Washington, Rm 802
    Chicago, IL 60602
    Hours: 8:30 am - 4:30 pm

    Domestic Relations Division
    Richard J Daley Center
    50 W Washington, Rm 802
    Chicago, IL 60602
    Hours: 8:30 am - 4:30 pm

    Civil Appeals
    Richard J Daley Center
    50 W Washington, Rm 801
    Chicago, IL 60602
    Hours: 8:30 am - 4:30 pm

    Criminal Department
    Richard J Daley Center
    50 W Washington, Rm 1006
    Chicago, IL 60602
    Hours: 8:30 am - 4:30 pm

    County Division
    Richard J Daley Center
    50 W Washington, Rm 1202
    Chicago, IL 60602
    Hours: 8:30 am - 4:30 pm

    Probate Division
    Richard J Daley Center
    50 W Washington, Rm 1202
    Chicago, IL 60602
    Hours: 8:30 am - 4:30 pm

    Law Division
    Richard J Daley Center
    50 W Washington, Rm 801
    Chicago, IL 60602
    Hours: 8:30 am - 4:30 pm

    Traffic Division
    Richard J Daley Center
    50 W Washington, Lower Level
    Chicago, IL 60602
    Hours: 8:30 am - 4:30 pm

FILED
12/21/2018 12:46 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L012711

2120 - Served                          2121 - Served
2220 - Not Served                  2221 - Not Served
2320 - Served By Mail            2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
Summons - Alias Summons

(08/01/18) CCG 0001 A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EDWIN J. KORCZYNSKI

(Name all parties)

v.

CHICAGO PARK DISTRICT

Case No. __2018 L 012711__
Serve defendant at:
                     541 N. Fairbanks
SUMMONS ✓ ALIAS SUMMONS: Chicago, IL 60611

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 5

**DIE DATE**
01/18/2019

```
* 0 2 9 7 7 0 0 8 *
```

DOC.TYPE:    LAW
CASE NUMBER:   2018L012711
DEFENDANT
CHICAGO PARK DISTRICT
541 N FAIRBANKS
CHICAGO, IL 60611

SERVICE INF

ATTACHED

Summons - Alias Summons

(08/01/18) CCG-0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp or your local circuit clerk's office.

Atty. No. 45783

Atty Name: FRANK AVILA LAW

Atty. For: PLAINTIFF

Address: 7132 N. HARLEM, #107

City: CHICAGO

State IL  Zip: 60631

Telephone:

Primary Email: FRANKAVILALAW@GMAIL

Witness: _____

12/21/2018 12:46 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

FILED DATE: 12/21/2018 12:46 PM  2018L012711

FILED DATE: 12/21/2018 12:46 PM 2018L012711

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

FILED
11/26/2018 7:45 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L012711

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

EDWIN J. KORCZYNSKI,           )
                           )
    Plaintiff               )         2018L012711
                           )
versus                   )     Plaintiff Demands Trial by Jury
                           )
CHICAGO PARK DISTRICT,      )
                           )
    Defendant.            )

## VERIFIED COMPLAINT AT LAW

NOW COMES the PLAINTIFF, EDWIN J. KORCZYNSKI, by and through his attorney(s) Frank Avila of the Ávila Law Group, LLC, and respectfully files his complaint against Defendant, CHICAGO PARK DISTRICT, a municipal corporation, and states as follows:

## NATURE OF THE ACTION

Plaintiff brings forth a civil rights action against Defendant, Chicago Park District, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq* and Common Law Torts and/or Illinois State Torts action against Defendant under the law of the State of Illinois. This complaint is filed pursuant to a "Right to Sue Letter" from the EEOC.

## JURISDICTION AND VENUE

1.    Plaintiff invokes the jurisdiction of this Court to secure protection and to redress deprivation of rights conferred by Illinois tort law. All administrative remedies have been exhausted with the EEOC issuing a so-called "right to sue" letter on August 28, 2018.

2.    Venue is proper in this Circuit Court of Cook County. Plaintiff, Edwin J. Korczynski, is a resident of Cook County, Illinois. The events and actions alleged in this complained occurred

FILED DATE: 11/26/2018 7:45 PM 2018L012711

in Cook County, Illinois. The Defendant, Chicago Park District, conduct business in Cook County, Illinois.

### PARTIES

3.      Plaintiff, Edwin J. Korczynski, is a male and is a resident of Cook County, Illinois. Plaintiff is under protected classes based on race, sex, religion, national origin, age, and veteran status. Plaintiff was hired by Defendant, Chicago Park District, in or around January 13, 2013. Plaintiff was subjected to discrimination by Defendant in his employment because of his Slavic race, Polish national origin, Catholic religion, male sexual orientation, over 40 age and veteran status.

4.      Defendant, Chicago Park District, is an Illinois municipal corporation. The Chicago Park District is a unit of local government under Article VII, Section 1 of the 1970 Constitution of the State of Illinois, and as such, has the authority to exercise control over and supervise the operation of all parks within the corporate limits of the City of Chicago. Defendant, Chicago Park District, conducts business in Cook County, Illinois.

### FACTUAL BACKGROUND

5.      Edwin J. Korczynski was hired on January 22, 2013, by Michael P. Kelly, General Superintendent and Chief Executive Officer of the Defendant, Chicago Park District.

6.      Mr. Kelly, after reviewing Plaintiff, Edwin J. Korczynski's, resume, exclaimed with great fervor that due to Plaintiff's extensive emergency documented education and practical experience as Vice Chairman of Cockpit Flight Safety for Eastern Airlines, the Second Largest Airline from the 1960s through the 1980s, combined with practical experience as an Emergency Responder for the cities of Des Plaines, and Morton Grove, Illinois, is the exact individual for which Chicago Park District had been searching to be the individual who would represent the

2

FILED DATE: 11/26/2018 7:45 PM    2018L012711

Park District in the Office of Emergency Management. At completion of our interview, Mr. Kelly referred Plaintiff, Edwin Korczynski, to Patrick J. Levar, the Chief Operating Officer of the Defendant, Chicago Park District.

7.    Mr. Levar stated that I was highly recommended by Mr. Kelly to be employed as the Park Operations Manager. During the conversation, Plaintiff, Edwin Korczynski, asked Mr. Levar the annual amount of salary for the position. He replied, "Approximately $85,000.00." Plaintiff inquired whether a higher salary position was available. Mr. Levar replied that there was an individual who is soon to retire which position has an approximate $95,000.00 plus annual salary. Mr. Levar stated that when that position became available that Mr. Levar would move Plaintiff to that position. Mr. Levar indicated that benefits of the position also included use of a vehicle, computer and appropriate office.

8.    Mr. Levar agreed with Mr. Kelly that Plaintiff would be hired as Park Operations Manager. Mr. Kelly hired Plaintiff, Edwin Korczynski, the week prior to his official start date of 22 January 2103, which was executed by Mr. Levar,

9.    Mr. Levar referred Plaintiff to the Human Resources Department for processing. The Department of Human Resources defines the position as Level 4345 class specification.

10.    Mr. Levar then referred Plaintiff to the Personnel Department for completing the necessary paper work relating to "new" employees. Plaintiff disclosed:

1. His legal address as 0000 (correct) North Kenzie Avenue, Chicago, Illinois 60647-4038.
2. His businesses: The E.J.K Gold Connection and each sister company.
    a. He acknowledged that he conduct his Illinois registered businesses on his personal time.
    b. Additionally, he listed the nature of his business as "Fine Gold Jewelry, Diamonds and precious Gem stones"
3. Additionally, he disclosed prior misdemeanor convictions.

3

FILED DATE: 11/26/2018 7:45 PM   2018L012711

11.     Thomas Byrne ("Byrne"), the Director of Security for the Defendant, Chicago Park District, was assigned as Plaintiff's immediate supervisor. Byrne was a Mayor Richard Daley political appointee to the Department of Streets and Sanitation who was appointed as the Director of Security. Plaintiff was instructed to report to Byrne at the Old Merges Airport Administration building, second deck on the 23 January 2013 at 1400 (2:00) P.M.

12.     Upon reporting to Byrne, he informed me that I was his second in command. Byrne directed me to select a vacant room for my office, which I did.

13.     On January 24, 2013, Byrne asked Plaintiff if he was the Chief Airport Operations Supervisor at O'Hare International Airport. Plaintiff replied, "Yes indeed!" From that day forward, Byrne constantly berated, demeaned, and encouraged slanderous degrading remarks of Plaintiff's character, referring to him as a "Dump Pollock!" Byrne ridiculed Plaintiff in front of co-workers and encouraged co-workers to partake in slanderous laughter while calling Plaintiff "a dump stupid Pollock!"

14.     Byrne's daily harassment of Plaintiff intensified to the intolerable level. On May 13, 2013, Plaintiff telephoned the Defendant, Chicago Park District's, Human Resource Department for referral to the Employee's Assistant Program ("EAP") to direct me to a Licensed Clinical Social Worker to deal with Byrne's intense hatred. The Defendant's EAP referred Plaintiff to Robin Smith, LCSW ("LCSW Smith"), for services.

15.     Byrne's harassment of Plaintiff was so in tolerable that Plaintiff was required to meet with LCSW Smith every Tuesday. From on or about May 13, 2013 until on or about 12 May 2017, Plaintiff received a continuing course of counseling through the EAP with LCSW Smith to deal with the incessant harassment suffered by Plaintiff from Byrne being so acrimonious, savage and malicious that Plaintiff fearful Byrne would physically strike and attack him.

FILED DATE: 11/26/2018 7:45 PM   2018L012711

16.     Plaintiff also received counseling from Sheetal Marri, M.D., and May Sunberg, R.N. through the United States Department of Veteran Affairs who were counseling Plaintiff for chronic post-traumatic stress disorder (PTSD) and MST military sexual trauma (MST) which Plaintiff suffered while serving as a United States Marine during Vietnam.

17.     Byrne prohibited Plaintiff from performing his job as Park Operations Manager. Byrne assigned Plaintiff to the reception desk, although another individual was the assigned secretary/receptionist and performing those telephone responsibilities prior to Plaintiff's assignment. Plaintiff was directed to instruct the entire police/security corps for the Defendant, Chicago Park District, in the proper use and understanding of the computer program used to log all telephone calls which is similar to electronic messaging (email) on which all income calls were logged.

18.     On or about October 13, 2015, Plaintiff was arrested for misdemeanor theft. Following the arrest, Plaintiff was assigned to Veterans Court. Veterans Court is a collaborative process including the prosecutor, defense counsel, judge and Department of Veteran Affairs whose goal is to rehabilitate and restore veterans by creating and supervising treatment plans to address the underlying cause of the behavior. Plaintiff was required to attend all medical appointments and follow a strict prescription drug program that is prescribed and monitored by a doctor. Plaintiff was placed on probation for a two-year period during which time he appeared before the Judge every other month to report on compliance with the treatment plan. Plaintiff appeared and reported to his veteran Sponsor. At the completion of the two-year probation period, Plaintiff was presented with a Certificate of Recognition for successfully completing the Circuit Court of Cook County's Veterans Court Program on May 23, 2017 and the charges were nolle prossequi'd.

FILED DATE: 11/26/2018 7:45 PM  2018L012711

19. In October 2015, Plaintiff advised Byrne of the change in his work schedule required by his assignment to Veterans Court requiring his absence from work every Tuesday for medical appointments which he made up by working every Sunday.

20. In May of 2016, Plaintiff was called into Byrne's office and berated as a "dumb Pollock," "You're nothing but a desk clerk," and told how inept he was as a computer trainer. During this confrontation, Plaintiff fell and struck his head. The paramedics responded and took Plaintiff to Northwestern University Hospital Emergency Room where he was treated for the concussion to his head and also determined to have suffered a heart attack. Plaintiff was referred to a personal neurologist and an internist who concluded that due to the harassment in his position at the Chicago Park District that Plaintiff had suffered the heart attack.

21. Plaintiff presented the medical conclusions to Marty Drum in Human Resources at the Defendant, Chicago Park District. Mr. Drum indicated that Plaintiff had to discuss the harassment claims and Plaintiff referred Mr. Drum to his attorney about the harassment. Mr. Drum never contacted Plaintiff's attorney about the harassment.

22. Plaintiff returned to Byrne's supervision who assigned Plaintiff to work at Humboldt Park as a punishment detail for the filing harassment claims against him.

23. In 2016 or 2017, Byrne was terminated from the Defendant, Chicago Park District and Mr. Leache became the Security Director for the Defendant, Chicago Park District.

24. Leache assigned Plaintiff to oversee the Security Officers at Garfield Conservatory in Garfield Park to make certain that the Security Guards were checking in and out per their schedule as well as completing their assigned duties including enforcing the Chicago Park District rules and regulations. Plaintiff was also to monitor the Security Guards to make certain that they were maintaining the safety and security of the conservatory Patrons, employees and

facilities. Further, Plaintiff was directed to instruct the Security Guards as to the correct and proper log book entries as well as verifying that the Security Guards perform walk-throughs of the conservatory. Plaintiff was also required to make sure the Security Guards were doing their jobs and using the proper check point apparatus to assure that they were there when they were supposed to be there.

25.     While at the Garfield Park Conservatory, a homosexual male employee of the Defendant, Chicago Police Department, made inappropriate sexual advantages. This individual kept stopping at Plaintiff's office always coming on to me, i.e. he would ask what I was doing and was always giving me suggestions as to what I was doing and that he had a better way in which to perform my responsibilities. This homosexual male employee indicated he wanted to perform a sexual act upon me.

26.     Plaintiff was visited in May 2017 by Edward Skerett, the Inspector General of the Defendant, Chicago Park District ("Skerett") who wanted to discuss Plaintiff's residence was in the City of Chicago. Plaintiff fell ill during that period due to rotator cuff surgery from injuries he suffered from a traffic accident. Plaintiff provided Skerett with verification from his medical treaters. The Human Resources Department approved Plaintiff's request for FMLA leave for this corrective surgery. Skerett phoned Plaintiff in order to reschedule and Plaintiff referred Skerett to his attorney.

27.     Plaintiff was terminated on or about 17 May 2017 being served with a termination notice citing Plaintiff for time theft, non-residency and prior arrest for a criminal matter.

28.     Skerett wrongfully accused Plaintiff of being "just" a "greeter" at the rear door of the Garfield Conservatory failing to recognize the importance of security protocols Plaintiff had put in place. The Conservatory provides security with "fixed" security positions and a roving patrol

7

of Chicago Park District Security Guards. One Security Guard is posted at the front door of the Conservatory for the sole purpose of security and maintaining a watch for any suspicious patrons that enter the Conservatory that may pose a danger to the safety of the Conservatory patrons.. Plaintiff's office was located at the rear door of the Garfield Park Conservatory. Plaintiff's "Rear Office" was also the location of the Director of the Conservatory and the Director's Executive staff with Plaintiff responsible for providing protection and ensuring the safety of the Director and Executive Staff. Plaintiff was also responsible to screen all incoming package deliveries as the "Rear Office" was the mailing address. The "Rear Office" was designed so as to prevent the infiltration of "Fire Armed" carrying terrorist. especially since the Garfield Park Conservatory is host to Illinois Governor and Chicago Mayoral events. The Conservatory's facilities have been subjected to break-ins and homeless persons abusing and intruding into the facilities.

COUNT I

**Age Discrimination in Violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 29 USC §621**

29.     Plaintiff, individually, restates all allegations above as paragraphs 1 through 28 of this first claim for relief directly and by way of reference as if fully pled.

30.     Plaintiff is a male. at the time of his employment at Defendant, Chicago Park District. was over the age of 40 years old. and a member of a protected class due to his age.

31.     Plaintiff was treated more severely and treated poorly by Defendant, Chicago Park District. in comparison to his younger co-workers.

32.     Similarly situated younger employees were not subject to the same discriminatory treatment and harassment as Plaintiff.

8

FILED DATE: 11/26/2018 7:45 PM   2018L012711

FILED DATE: 11/26/2018 7:45 PM   2018L012711

33.     The foregoing acts and omissions constitute Age Discrimination against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment because he is over the age of 40, in violation of the Age Discrimination in Employment Act of 1967.

34.     The actions of Defendant in engaging in age discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

        **WHEREFORE**, Plaintiff respectfully requests:

A.      All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.      Compensatory damages in an amount to be determined at trial;

C.      A permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

D.      A permanent injunction requiring Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

E.      The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

F       Punitive damages as allowed by law;

G.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

H.      Such other relief as the Court may deem just or equitable.

## COUNT II

**Race and National Origin Discrimination in Violation of Title VII of the Civil Rights Act of**

**1964, 42 USC §2000e-2 and Section 1981 of the Civil Rights Act of 1866**

35.     Plaintiff, individually, restates all allegations above as paragraphs 1 through 28 of this second claim for relief directly and by way of reference as if fully pled.

9

FILED DATE: 11/26/2018 7:45 PM   2018L012711

36.     Plaintiff is an Slavic male, being of Polish national origin.

37.     Plaintiff was disciplined more severely, and treated poorly by supervisors in comparison to his non-caucasian co-workers.

38.     Similarly situated non-caucasian employees were not subject to the same discriminatory treatment and harassment as Plaintiff.

39.     The foregoing acts and omissions constitute discrimination on the basis of race against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, in violation of Title VII of the Civil Rights Act of 1964 and section 1981 of the Civil Rights Act of 1866.

40.     The actions of Defendant in engaging in race and national origin discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

        **WHEREFORE,** Plaintiff respectfully requests:

A.      All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.      Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

C.      A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

D.      A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e, *et seq.*;

E.      The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

G.    Such other relief as the Court may deem just or equitable.

## COUNT III

### Disability Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e-2 and Section 1981 of the Civil Rights Act of 1866

41.    Plaintiff, individually, restates all allegations above as paragraphs 1 through 28 of this third claim for relief directly and by way of reference as if fully pled.

42.    Plaintiff is disabled suffering from PTSD.

43.    Plaintiff was discriminated against based upon his disability.

44.    Similarly situated disabled employees were not subject to the same discriminatory treatment and harassment as Plaintiff.

45.    The foregoing acts and omissions constitute discrimination on the basis of disability against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, in violation of Title VII of the Civil Rights Act of 1964 and section 1981 of the Civil Rights Act of 1966.

46.    The actions of Defendant in engaging in disability discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

   **WHEREFORE**, Plaintiff respectfully requests:

A.    All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.    Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

C.    A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

11

FILED DATE: 11/26/2018 7:45 PM 2018L012711

D.   A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e, *et seq.*;

E.   The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F.   An award of reasonable attorneys' fees, costs, and litigation expenses; and

G.   Such other relief as the Court may deem just or equitable.

<h2 style="text-align:center">COUNT IV</h2>

**Sexual Orientation Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e-2 and Section 1981 of the Civil Rights Act of 1866**

47.   Plaintiff, individually, restates all allegations above as paragraphs 1 through 28 of this fourth claim for relief directly and by way of reference as if fully pled.

48.   Plaintiff was subject to sexual orientation discrimination by Defendant, Chicago Park District.

49.   Plaintiff was discriminated against based upon his sexual orientation.

50.   Similarly situated employees were not subject to the same discriminatory treatment and harassment as Plaintiff.

51.   The foregoing acts and omissions constitute discrimination on the basis of sexual orientation against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, in violation of Title VII of the Civil Rights Act of 1964 and section 1981 of the Civil Rights Act of 1966.

52.   The actions of Defendant in engaging in sexual orientation discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

FILED DATE: 11/26/2018 7:45 PM   2018L012711

**WHEREFORE**, Plaintiff respectfully requests:

A.   All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.   Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

C.   A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

D.   A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e, *et seq.*;

E.   The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F.   An award of reasonable attorneys' fees, costs, and litigation expenses; and

G.   Such other relief as the Court may deem just or equitable.

## COUNT V FRAUD

53.   Plaintiff, individually, restates all allegations above as paragraphs 1 through 16 of this fifth claim for relief directly and by way of reference as if fully pled.

54.   Defendant, Chicago Park District, made certain representations that Plaintiff had: committed a crime of theft; falsified his city residency; and failed to cooperate with the investigation.

55.   Defendant's representations were false in that Plaintiff did not commit theft, lived in the City and cooperated with the investigation.

56.   As a direct and proximate result of one or more of these intentional fraudulent misrepresentations of Defendant, Plaintiff suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff respectfully requests:

A.   All wages and benefits Plaintiff would have received but for the discrimination, including

13

FILED DATE: 11/26/2018 7:45 PM    2018L012711

but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.    Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

C.    A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

D.    A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e, et seq.;

E.    The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

G.    Such other relief as the Court may deem just or equitable.

## COUNT VI ABUSE OF PROCESS

57.    Plaintiff, individually, restates all allegations above as paragraphs 1 through 28 of this sixth claim for relief directly and by way of reference as if fully pled.

58.    Defendant abused the legal process by making false allegations of a criminal nature against Plaintiff.

59.    Defendant was well aware that Plaintiff's Veterans Court proceeding had been successfully completed and that Plaintiff was not convicted.

60.    Defendant abused the legal process for an ulterior purpose or motive – to get Plaintiff terminated from his employment.

61.    Defendant used the legal process not proper in regular prosecution of the proceeding.

62.    As a direct and proximate result of one or more of these intentional acts or omissions of Defendants, Plaintiff suffered and will continue to suffer damages.

WHEREFORE, Plaintiff respectfully requests:

14

A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

C. A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

D. A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e, et seq.;

E. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F. An award of reasonable attorneys' fees, costs, and litigation expenses; and

G. Such other relief as the Court may deem just or equitable.

## COUNT VII DEFAMATION PER SE

63. Plaintiff, individually, restates all allegations above as paragraphs 1 through 28 of this seventh claim for relief directly and by way of reference as if fully pled.

64. Defendants made false statements of fact that Plaintiff engaged in criminal conduct.

65. Defendant's statements that Plaintiff committed crimes is defamatory per se.

66. As a result of Defendant's statements, Plaintiff was harmed in his reputation lowering it in the eyes of the community and deterring other employers from associating with him. Plaintiff's integrity, virtue, human decency, respect for others, or reputation was lowered in the estimation of the community and deterred third parties from dealing with Plaintiff.

67. As a direct and proximate result of one or more of these intentional acts or omissions of Defendant, Plaintiff suffered and will continue to suffer damages.

WHEREFORE, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the discrimination, including

15

but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.     Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

C.     A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

D.     A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e, et seq,;

E.     The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

G.     Such other relief as the Court may deem just or equitable.

### COUNT VIII INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68.     Plaintiff, individually, restates all allegations above as paragraphs 1 through 28 of this eighth claim for relief directly and by way of reference as if fully pled.

69.     At all times relevant herein, Defendant's conduct was extreme and outrageous.

70.     Defendant intended to inflict severe emotional distress and knew that there was a high probability that Defendant's conduct would in fact cause severe emotional distress.

71.     As a direct and proximate result of one or more of these intentional acts or omissions of Defendant, Plaintiff suffered and will continue to suffer from stress due to the harassment, and extreme outrageous emotional distress.

**WHEREFORE**, Plaintiff respectfully requests:

A.     All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.     Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

16

C.   A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

D.   A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e. et seq.:

E.   The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F.   An award of reasonable attorneys' fees, costs, and litigation expenses; and

G.   Such other relief as the Court may deem just or equitable.

## COUNT IX NEGLIGENCE

72.   Plaintiff, individually, restates all allegations above as paragraphs 1 through 28 of this ninth claim for relief directly and by way of reference as if fully pled.

73.   Defendant owed a duty to Plaintiff to provide a safe work environment and a duty of care to Plaintiff.

74.   Defendants breached that duty to Plaintiff.

75.   As a result of Defendant's breach, Plaintiff has suffered injuries.

76.   Plaintiff has been injured as a result of Defendant's breach.

77.   As a direct and proximate result of one or more of these intentional acts or omissions of Defendant, Plaintiff suffered and will continue to suffer damages.

WHEREFORE, Plaintiff respectfully requests:

A.   All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.   Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct:

C.   A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

D.   A permanent injunction requiring the Defendant to adopt employment practices and

17

FILED DATE: 11/26/2018 7:45 PM   2018L012711

policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e, et seq.;

E.      The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F.      An award of reasonable attorneys' fees, costs. and litigation expenses; and

G.      Such other relief as the Court may deem just or equitable.

## COUNT X DEFAMATION

78.     Plaintiff, individually, restates all allegations above as paragraphs 1 through 28 of this

tenth claim for relief directly and by way of reference as if fully pled.

79.     Defendant made false and defamatory statements about Plaintiff.

80.     The false statements are defamatory per se.

81.     Defendants acted maliciously made false and defamatory statements about Plaintiff in

conscious disregard of the falsity of the statements.

82.     Plaintiff incurred damages as a proximate cause of Defendant's communication based on

information and belief of written communication of false and defamatory statements about

Plaintiff.

83.     As a direct and proximate result of one or more of these intentional acts or omissions of

Defendant, Plaintiff suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff respectfully requests:

A.      All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.      Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

C.      A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

18

FILED DATE: 11/26/2018 7:45 PM   2018L012711

D.    A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C, § 2000e, et seq.;

E.    The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

G.    Such other relief as the Court may deem just or equitable.

### COUNT XI FMLA VIOLATION

84.    Plaintiff, individually, restates all allegations above as paragraphs 1 through 28 of this eleventh claim for relief directly and by way of reference as if fully pled.

85.    Defendant is an employer with 50 or more employees and Defendant employs at least 50 employees within 75 miles.

86.    Plaintiff was entitled to benefits under the FMLA, 29 U.S.C. §2615(a)(1).

87.    Defendant illegitimately prevented Plaintiff from obtaining those benefits.

88.    Defendant acted callously when it terminated Plaintiff during his surgery and recuperation.

89.    Plaintiff incurred damages as a proximate cause of Defendant's wrongful termination of Plaintiff.

90.    As a direct and proximate result of one or more of these intentional acts or omissions of Defendant, Plaintiff suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff respectfully requests:

A.    All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.    Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

19

FILED DATE: 11/26/2018 7:45 PM   2018L012711

C.  A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

D.  A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e, et seq.;

E.  The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F.  An award of reasonable attorneys' fees, costs, and litigation expenses; and

G.  Such other relief as the Court may deem just or equitable.

Edwin J. Korczynski

_____
One of his attorneys

## VERIFICATION BY CERTIFICATION

Under penalties provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I hereby certify that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief.

Edwin J. Korczynski

Frank Avila, Esq.
Frank Avila Law
7132 N. Harlem
Suite 107
Chicago, Illinois 60631
Attorney #45783
frankavilalaw@gmail.com

20

FILED
11/26/2018 7:45 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L012711

**IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION**

EDWIN J. KORCZYNSKI,        )
                            )            **2018L012711**
    Plaintiff          )
                            )
versus                )    Plaintiff Demands Trial by Jury
                            )
CHICAGO PARK DISTRICT,   )
                            )
    Defendant.     )

**AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)**

Pursuant to Supreme Court Rule 222(B), the above-named Plaintiffs certifies that Plaintiff seeks money damages which exceed Fifty Thousand and 00/100ths Dollars ($50,000).

Edwin J. Korczynski

Frank Avila, Esq.
Frank Avila Law
7132 N. Harlem
Suite 107
Chicago, Illinois 60631
Attorney #45783
frankavilalaw@gmail.com

21

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT-LAW DIVISION**                    Rev. 3/18

Korczynski
_Plaintiffs_                         )
                                     )    NO: _201B L 0 Lo 12711_
                                     )
    -v-  Chicago Park District       )    Motion Call: "F"  Time: _____  Line #: _____
_Defendants_                         )
                                     )    **2005 Trial Date:** _____

## **\*\*CASE MANAGEMENT ORDER\*\***

### **\*\*(Please check off all pertinent paragraphs and circle proper party name)\*\***

**(4231)** _____ 1. Written, 213(f)(1), (f)(2) and 214 discovery to be **issued** by _____ *or deemed waived;*

**(4296)** _____ 2. Written, 213(f)(1), (f)(2) and 214 discovery to be **answered** by _____

**(4218)** _____ 3. Party depositions, fact, 213(f)(1) and/or (2) depositions to be **completed** by _____

**(4297)** _____ 4. Plaintiff to send list & addresses of treaters and HIPAA order to Defendant(s) by _____

**(4288)** _____ 5. Subpoenas for treating physicians' records/deps to be **issued** by _____ *or deemed waived;*

**(4218)** _____ 6. Treating physicians depositions to be **completed** by _____

**(4231)** _____ 7. All dispositive motions shall be filed **no later than** _____

**(4296)** _____ 8. All SCR 215 & 216 discovery **completed** by _____

**(4206)** _____ 9. (Plaintiff) - (Defendant) - (Add. Party) shall **answer** 213 (f)(3) Interrogatories by _____

**(4218)** _____ 10. **Plaintiff's 213(f)(3)** witnesses' depositions to be **completed** by _____

**(4218)** _____ 11. **Defendant's 213(f)(3)** witnesses' depositions to be **completed** by _____

**(4218)** _____ 12. **Add. party's 213(f)(3)** witnesses' depositions to be **completed** by _____

**(4295)** _____ 13. **All fact discovery, SCR 213(f)(1), (f)(2), 215(a) and 216 discovery is closed.** *(Circle all applicable)*

**(4619)** X 14. The matter is continued for subsequent Case Management Conference on _3/20/19_
     at _1045_ AM/PM in Room ~~2203~~ for: _220_ /
     (A)_____ Proper Service    (B)_____ Appearance of Defendants    (C)_____ Case Value
     (D) X Pleadings Status    (E)_____ Discovery Status    (F)_____ Pre-Trial/Settlement
     (G)_____ Mediation Status    (H)_____ Trial Certification    (I)_____ Other
     Plaintiff failed to Appear
     _____
     _____

**(4005)** _____ 15. Case is DWP'd.    **(4040)** _____ The case is voluntarily dismissed pursuant to 735 ILCS 5/2-1009.

**(4331)** _____ 16. Case stricken from    **(4284)** _____ Motion Stricken or    **(4330)** _____ Case stricken from
         CMC Call                     Withdrawn from Call                    Motion Call.
                                      **E N T E R :**

NAME: Christina Rosenberg
ADDRESS: 541 N. Fairbanks 3rd Fl
PHONE: 312 742 4770
ATTY ID#: 41790
ATTY FOR PARTY: _____
NOTICE:

**J U D G E**                    Associate Judge Moira S. Johnson  NO.
                                 JAN 23 2019
                                 Circuit Court - 1836

★ *COPIES OF ALL PRIOR CMC ORDERS MUST BE BROUGHT TO ALL CMC COURT DATES.*

★ *FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY*